FORBES v. DELASHMUTT ET AL.

THE SAME v. THE COUNCIL BLUFFS & ST. LOUIS R'Y CO. ET AL.

1. **Railroads:** CONDEMNATION PROCEEDINGS: DEFENSE OF COMMISSIONERS ON CERTIORARI. Where commissioners, who, under summons of the sheriff, had assessed plaintiff's damages on account of land taken for railroad purposes, showed by their answer to a writ of *certiorari* that they had kept within their lawful sphere, and proceeded regularly, so far as they were concerned, *held* that the answer was sufficient. The question whether the company had a right to condemn the land for the purposes named in the proceedings was one with which they had nothing to do.

2. ———: ———: LAND FOR DEPOT GROUNDS; FRAUDULENT PRETENSE: INJUNCTION. Where under the law (as it was at the time) land could not be condemned for depot grounds, and yet it was actually wanted for that purpose, but it was condemned ostensibly for purposes contemplated by the statute, *held* that an injunction would lie to prevent its appropriation and use.

3. **Parties:** DEFECT OF: WHEN DEMURRER WILL NOT LIE. Where the petition made all necessary parties defendants, but one of them was not served, a defendant who was served might have objected to the court's proceeding with the case until the other party, if necessary for the purposes of the case, was brought in, but a demurrer to the petition would not lie for a defect of parties.

*Appeals from Mills Circuit and District Courts.*

SATURDAY, DECEMBER 19.

THESE cases are submitted together as growing out of the same facts, although involving somewhat different questions of law. The plaintiff is the owner of certain land in Mills county, across which the defendant the Council Bluffs & St. Louis Railway Company has located its line of railroad, and its lessee, the defendant the Wabash, St. Louis & Pacific Railroad Company is operating the same. The right of way for the road was obtained in April, 1879. Afterwards, in September of that year, the proprietor of the Council Bluffs & St. Louis Railway Company sought to obtain additional ground, to-wit, two strips of land, each 100 feet wide and 2,474 feet long, on each side of its right of way. It caused a notice to be served that it desired the land for flumes, waste banks and borrowing pits, and for wood and water station and depot grounds, and that it would proceed to have the same appraised. Commissioners were summoned by the sheriff in pursuance of the notice, and the damages were assessed. The plaintiff appealed from the assessment, and afterwards brought in the circuit court of Mills county the action, the title to which is first above set out, and which is an action for a writ of *certiorari* against W. C. Delashmutt and others, who were the members of the jury or commissioners summoned to assess the damages. The defendants filed an answer setting up the notice and proceedings thereunder, and also that the plaintiff had appealed from the assessment, and was estopped from raising any question in regard to it except

in regard to its amount. The plaintiff also brought, in the district court of Mills county, an action against the defendants the Council Bluffs & St. Louis Railway Company and its lessee, being the other action the title to which is above set out, and he asked for an injunction to restrain the defendants from entering upon or occupying the land. In the action for a writ of *certiorari* the plaintiff demurred to the defendants' answer, and his demurrer was overruled. In the action for an injunction the Wabash, St. Louis & Pacific Railroad Company demurred to the plaintiff's petition, and the demurrer was sustained. The plaintiff appeals in both cases.

*John Y. Stone*, for appellant

No appearance for appellees.

ADAMS, J—I. We will first consider the question in the action brought for a writ of *certiorari* against the members

1. RAIL-
ROADS: condemnation proceedings: defense of commission- ers on certiorari.

of the sheriff's jury, or commissioners, summoned to assess the damages. In that action the court overruled a demurrer to the defendants' answer. Whether the court thought that the plea of estoppel was good, or that the assessment, so far as the defendant commissioners were concerned, was regular and not liable to be set aside upon a writ of *certiorari*, does not appear. In our opinion, whatever ground of complaint the plaintiff may have had, the commissioners were without fault. They merely obeyed the summons of the sheriff. They met and appraised the damages for the taking of the land in question, as they were required to do. They had nothing to do with the question as to whether the railway company had a right to take the land, and there was nothing which they did which affected such right, or purported to affect it. That was a question entirely independent of the assessment. If we should concede that they constituted a tribunal exercising judicial functions, within the meaning of the statute, (Code, § 3216,) they did not exceed

their jurisdiction, nor act illegally. Their functions pertained merely to the matter of the assessment. They should not be put into costs for doing in a regular and legal way what they were required to do. It is true that the sheriff and the railway company were joined with them. But the latter were not exercising judicial functions. The commissioners were the only ones who could be said to be doing that, and, as their answer showed that they kept within their lawful sphere, and proceeded regularly, so far as they were concerned, we have to say that we think that the demurrer to their answer was properly overruled.

II. When we come to the action for an injunction against the railway companies, we have the question as to whether the proprietary company had the right to take the land by paying the assessed damages. The plaintiff contends that it had not, and for the reason, as he alleges, that it was taken for a purpose for which land at that time could not be condemned. The petition avers, in substance, that, while the land was taken ostensibly in part for a wood and water station, which by statute was allowable, it was in fact taken only for depot grounds, and that the company had no other use for it. The demurrer admitted this averment. At the time of the attempted condemnation the statute did not provide for the condemnation of land for depot grounds. A company which had completed its road, and had occasion to establish an additional depot at some point where its own and the public convenience demanded, was left wholly at the mercy of the land-owner. This seems to be the condition of the defendants in this case. The plaintiff manifestly desires to fix the price of his land, not according to its value, but according to the supposed exigency of the defendants, and we see no way to avoid holding that at the time of the attempted condemnation he had it in his power to do so. If the facts were that the defendants needed the whole ground for a wood and water station, and could use the same also for depot purposes to a

*Margin note: 2. —— : ——: land for depot grounds: fraudulent pretense: injunction.*

greater or less extent, the condemnation probably might be sustained. So, also, if the defendants needed some part of the ground for a wood and water station, and if they were willing to pay the whole assessed damages, we see no reason why the condemnation might not be sustained to the extent of such part. But the question before us arises merely upon the petition and demurrer thereto, and we cannot go into such inquiry.

It is contended by the defendants that an action for an injunction does not lie; but in our opinion it does. We are not prepared to say that the cases where condemnation proceedings have been had, but payment has been omitted, are fully in point. If they were, the question would be one of very easy solution. *Richards v. Des Moines Valley R. Co.*, 18 Iowa, 259; *Hibbs v. Chicago & S. W. R. Co.*, 39 Id., 340. But the principle involved is not quite the same. We are aware, too, that it has been held that an injunction will not lie against a mere void taking of land. *Mouchet v. Railroad Co.*, 1 Eng. Railway & Canal Cas., 567. But the case at bar is peculiar. One of the purposes for which the condemnation proceedings were ostensibly had was within the provision of the statute, and the ground of the complaint is that the defendants sought to defraud the plaintiff by proceeding under the statute ostensibly for a proper purpose, when the real and only purpose was not proper. Whether the defendants acquired any right by the proceedings, and, if any, to how much ground they acquired a right, we think that it is within the jurisdiction of a court of equity to inquire.

The demurrer in this case was filed by the Wabash, St. Louis & Pacific Railway Company, and one of the grounds 3. PARTIES: of demurrer is that the Council Bluffs & St. defect of: when demur- Louis Railway Company was not served, and rer will not that there was therefore a defect of parties. lie. But the petition was not defective, in that the Council Bluffs & St. Louis Railway Company was made defendant, and if the company was a necessary party, (which we do not deter-

mine,) and had not been served, the Wabash, St. Louis & Pacific Railway Company might have objected to any action of the court until the Council Bluffs & St. Louis Railway Company had been brought in.    We do not think the petition demurrable upon that ground.    In our opinion the demurrer should have been overruled.

The judgment in the action of *Wm. M. Forbes v. W. C. Delashmutt and others*, being the action for a writ of *certiorari*, must be affirmed, and the judgment in the action of *Wm. M. Forbes v. Council Bluffs & St. L. R'y Co. and others* must be

REVERSED.