PROVOSTY, J.
The matter now to be considered in this suit is an application to this court by the defendant for a mandamus to the trial judge to compel him to grant defendant a suspensive appeal.
The learned trial judge assigns as his reason for refusing the suspensive appeal that the suit is an expropriation suit and that in such suits a suspensive appeal is not allowed.
Defendant contends that, while this is true in general, it is not so where the right of the plaintiff to expropriate is contested, or where the right, to pass through a graveyard, or over ground occupied by a dwelling house or its appurtenances, or through its yard, is contested.
The plaintiff alleges that it is a railroad corporation organized under the laws of this state, and as such is vested with, the right to expropriate property for the location and operation of its line of railroad, and that it has selected a line, through the parish of Jefferson and across defendant’s property, as shown by the map and also by certain blueprints, which blueprints are annexed to and form part of the petition, and that the defendant refuses to sell amicably a right of way for said line across his premises.
Defendant filed an exception, setting up, among other grounds, that the line selected by plaintiff is along and over the public highway of the parish of Jefferson; that this highway cannot be thus used by plaintiff without a franchise from the police jury of *971 said parish, which franchise the law allows to be granted only by means of an adjudication to the highest bidder at public auction, on terms and conditions to be fixed by the said police jury; that until the plaintiff shall have obtained such a franchise it will be without right to expropriate private property for the prolongation of the said projected line, or for the filling out of gaps in it, and that its said petition does not contain the allegation that it (plaintiff) has obtained the said franchise, and therefore does not show a cause of action; and that the plaintiff has in fact no right of action in the premises because it has in fact never obtained this franchise, and because, moreover, the plaintiff is without the necessary funds with which to construct the said railroad, but is resorting to said expropriation proceedings merely for speculative purposes.
These exceptions were tried at the same time as the merits, but by the judge himself, and were overruled by him: whereas, the merits were passed on by the jury of freeholders. The two '• decrees are in one and the same judgment.
Defendant had in the meantime filed an answer, in which he had renewed his averment that the plaintiff had not yet secured the said franchise, and that the obtaining of it was a condition precedent to the plaintiff’s right to expropriate.
•In this answer, defendant had also averred that the line projected by plaintiff ran through- the space occupied by the dwelling house of its (defendant’s) president, and the yard and appurtenances of said house, and that said line could be diverted to another route without any inconvenience to plaintiff.
In his return to the rule nisi the learned trial judge says that the obtaining of said franchise is not a condition precedent • to plaintiff’s present suit against defendant, and that, moreover, it was shown on the trial that plaintiff had obtained said franchise.
But, obviously, these are questions that will come up for consideratioin on the appeal, and are not involved in the present discussion, which is only as to whether an- expropriation suit, in which the right of the plaintiff to expropriate property is put at issue, or the right of the plaintiff to pass through a graveyard, or to displace a dwelling house, or to pass through the space occupied by the appurtenances of a dwelling house or by its yard, is put at issue, a suspensive appeal is allowed.
That point is presented to this court for the first time, so far as we have been able to discover.
[1, 2] The rule is that the execution of judgments may be stayed by suspensive appeal. Expropriation cases, like all other cases, come within that rule, unless some law has made an exception in their favor. We know of no law, and have been referred to none, that has done so, unless it be article 2634 of the Civil Code, which reads:
“Any appeal to the Supreme Court from the verdict of the jury and judgment of the lower court, made by either party, shall not suspend the execution of such judgment, but the payment of the amount of the verdict by the company to the owner, or the deposit thereof, subject to the owner’s order, in the hands of the sheriff, shall entitle the corporation to the right, title and estate of the owner in and to the land described in the petition in the same manner as a voluntary conveyance would do. But in the event of any change being made by the final decree in the decision of the cause, the corporation shall be bound to pay the additional assessment, or be entitled to recover back the surplus paid, as the case may be.”
This article, from its very terms, cannot possibly have application to a case where the right of the plaintiff to expropriate property, or, in other words, to invoke the power of eminent domain, is contested, but only to a case where it is not; for it says that the judgment shall not be suspended but that, on depositing the amount, the plaintiff shall become vested with the estate of the defendant as if by private sale, and that, if there is to be any change at all in the judgment, *973 it shall consist simply in an increase or. reduction of the amount to be paid. All this is very true of a case where the right to expropriate is not contested, but is not true, and cannot possibly be, where such right is contested, and where, therefore, the appeal may result in the dismissal of the suit and all occasion for any investiture or divestiture of estates cease or of making any payments, except, perhaps, the payment by the plaintiff of the costs of the suit.
[3] True, the expression, “any appeal,” in the opening sentence of the article, is sweeping, and would therefore include all appeals; but that first sentence must be read in connection with the rest of the article as we have just done, and also in connection with articles 2631 and 2632, which show that the sole purpose of the impaneling of the jury of freeholders is to assess the value of the land and the damages, and not to pass upon the question of the right of the plaintiff'to expropriate; and when so read it is found to have application only to cases in which the right of the plaintiff to expropriate is not contested.
It will be noted that said articles 2631 and 2632 assume, or presuppose, that the right of the plaintiff to expropriate property is not contested, for, in providing for the impaneling of the freeholders, they do not say that the freeholders are impaneled to pass upon the case, or to try the case, but specially to assess the value of the property and the damages.
Whether this is not the sole function of the freeholders — quiere? In other jurisdictions it has been held to be. Thus, Lewis on Eminent Domain (2d Ed.) p. 923, § 417, says:
“This will depend upon the statute. The tribunal can only pass upon such questions as are authorized by law. Usually it is only the question of damages which is submitted to- the commissioners or other tribunal. But sometimes there is also submitted to them the question of necessity or public utility, and, it may be, the question of whether the improvement shall be made. They have no right to pass upon the regularity of their own appointment, the corporate existence of the petitioner, or the right to make the improvement in question. They are not, in general, authorized to pass upon questions of title, though they may award damages to particular persons where the title is not in issue.”
In Shroeder v. Detroit, G. H. & N. Ry. Co., 44 Mich. 387, 6 N. W. 872, where the questions were as to the corporate character of the plaintiff, and whether it possessed the franchise it was presuming to exercise, the court said:
“There is a manifest impropriety * * * in submitting questions of this very important nature to the inferior tribunals which are created to pass upon questions of value in condemnation proceedings, and the law in our opinion does not contemplate their considering them.”
In Spring Valley v. San Francisco, 22 Cal. 434, the court said:
“It is no part of their duties to * * * determine the right, title, and interest of each claimant of the * * * land. * * * The judge before whom the proceedings are conducted, and not the commissioners, is the proper tribunal to determine such questions.”
In Forbes v. Delashmutt, 68 Iowa, 164, 26 N. W. 56, the court said:
“They had nothing to do with the question as to whether the railroad company had the right to take the land. * * * Tlieir functions pertained merely to the matter of the assessment.”
See, to same effect, Wilcox v. Oakland, 49 Cal. 29, Curran v. Shattuck, 24 Cal. 433, and San Francisco & San Jose R. R. Co. v. Maloney, 29 Cal. 112.
Our own court in N. O. Terminal Co. v. Teller, 113 La. 733, 37 South. 624, 2 Ann. Cas. 127, said:
“Especially should not such exceptions be referred to the jury of freeholders, whose jurisdiction is special, and extends to those questions alone which the law directs shall be submitted to it.”
[4, 5] Indeed, it will be observed, the body of statutory law, of which this article 2634 forms a part, consisting of articles 2626 to 2641 of the Civil Code, under the heading *975 “Of the Comxralsory Transfer of Property,” is special and exceptional in character, in derogation of common right, and as such must be strictly construed. So construing it, the conclusion would seem to have to be that the jury of freeholders is not an ordinary jury impaneled to pass on the whole case, or, in other words, to try the case, and therefore possessed of all' the powers of an ordinary jury; but that it is a specially constituted body in the nature of a commission, with no powers, and competent to try no questions, except such as are specially mentioned in said articles providing for its creation and defining its powers. Early in our jurisprudence it was noted that the jury of freeholders was not an ordinary jury, but was a jury “of a peculiar character.” Railroad v. Avart, 11 La. 190; Remy v. Municipality, 12 La. Ann. 500.
The question is of some relevancy in the present case, for the phrase “verdict of the jury and judgment of the lower court,” in article 2634, might well be interpreted as if it read, “verdict of the jury and judgment of the court in so far as founded on the verdict of the jury,” and that the only matters as to which there would be no suspensive appeal allowed would be those upon which the jury was competent to pass and the jury would be competent to pass only upon those which were specially mentioned in said articles.
Be that, however, as it may, certainly by said article 2634 it was never intended to provide that in a case where the plaintiff has not the right to expropriate property the defendant shall be divested of his estate and the plaintiff become vested with it as if by private sale, as the literal construction of that article would imply; and hence the same view must be taken of that article as was found by this court necessary to be taken of article 1059, O. P., denying the right to a suspensive appeal in equally sweeping terms. That article provides that when an appeal is taken from a judgment appointing a tutor, curator, or administrator, “such appeal shall not suspend the execution of the ■ judgment, but it shall have effect provisionally until the appeal is decided.” This court held that this meant where the occasion or necessity of making an appointment was not contested, and could have no application in a cáse where it was denied that there was any such occasion, or, in other words, where the question was not as to whether any appointment at all' should be made, but only as to who should be appointed. State ex rel. Marin v. Judge, 22 La. Ann. 24; State ex rel. Pearson v. Judge, 22 La. Ann. 64; State ex rel. Avery v. Judge, 41 La. Ann. 963, 8 South. 541. And so, as to said article 2634, it has application only where the question is, not as to whether there shall be an eximopriation, but as to what, conceding that there must be an expropriation, shall be the location and amount of the land taken and the amount of the price and damages to be paid.
The question of the proper location of the line is one expressly required to' be submitted to the freeholders, and upon which, therefore, plainly, article 2634, denies a suspensive appeal.
The mandamus herein is ordered to issue as prayed.
O’NIELL, J., concurs in the decree.
See dissenting opinion of LAND, J., 68 South. 96.