LAND, Justice.
 

 Plaintiff sues to expropriate, for a highway, contiguous tracts of land from various defendants in this suit.
 

 Twenty of these cases were consolidated for trial both in the lower court and on appeal.
 

 They were tried before a jury of freeholders of the parish of Plaquemines. After hearing all the evidence and arguments of counsel for relators and respondent, and receiving the charge of the court, the jury retired to deliberate and returned verdicts in each of the cases. The district judge rendered judgments in each of these cases in accordance with these verdicts, and, in his return to the rule nisi issued herein, states that respondent, Louisiana Highway Commission, in accordance with the Civil Code of the State, and in order to obtain possession of the rights of way across relators’ properties, deposited with the sheriff of the parish of Plaquemines the amounts of money awarded relators by verdict and judgment in the district court.
 

 The district judge granted relators a devolutive appeal from these verdicts and judgments, but, in accordance with articles 2631-2641, inclusive, of the Revised Civil Code, and particularly article 2634, refused the application of relators for a suspensive appeal.
 

 1. The Louisiana Highway Commission, co-operating with the United States Bureau of Public Roads, Department of Agriculture, has located the present line of Project No. 4753, at issue in the present case.
 

 The defenses in these suits were substantially that the attempted expropriation of this property was for no public purpose and was in violation of article 1, § 2, of the Constitution of the State of Louisiana, and of Amendments 5 and 14 of the United States Constitution.
 

 It *s alleged in the petition of respondent that the Louisiana Highway Commission
 
 *401
 
 was created and organized for the purpose of establishing, constructing, and maintaining a system of public highways throughout the State of Louisiana, and is now engaged in the construction of the Amoretti-Freeport Highway, U. S. Public Works Highway Project No. “N. R. S. 242 B (1935) and N. R. S. 365 (1935),” State Highway Project No. 4753 in the Parish of Plaquemines, which is a component part of the route designated as 31 in Act No. 95 of 1921, Ex. Sess., as amended.
 

 It is further alleged in the petition of respondent that, in order to completely construct, maintain; and improve this highway, it is imperatively necessary to acquire by expropriation a right of way over and across the property (describing it) of each of the relators, and that these rights of way are necessary to properly fulfill the functions of respondent in the construction of this highway, and that relators have refused to grant respondent the land or to allow respondent to make amicable purchase of same, and that it is necessary and proper to expropriate same by judgment and according to law.
 

 The contention of relators that the new highway is hot for a public purpose and that there is no necessity for constructing same is based upon the following averment in their respective answers to the various expropriation suits: “That the said present highway, formally adopted by the Legislature of the State as a State Highway, is sufficient for all public needs and purposes, and to abandon same and substitute another 1300 feet from the river, on defendant’s property, would be an arbitrary and unreasonable act, which would destroy the value of defend- . ant’s property and would be of no public benefit whatever. That defendant’s business depends partly on the passing public, and to divert the current of trade one thousand feet away from the present stores,, with no way of reaching them, would injure commerce thereby and benefit nobody.”
 

 The Legislature, by Act No. 95 of 1921, Ex. Sess., as amended, which is an act adopted for the purpose of carrying into' effect the provisions of the Constitution of 1921 in relation to the establishment and maintenance of a system of state highways and bridges, specifically and unreservedly vested in the Louisiana Highway Commission the power to construct new highways, and to change and alter the location of old highways and, to that end, to expropriate all needed rights of way.
 

 It is provided in section 27 of this act, as amended: “That in all cases where it is necessary to acquire a right-of-way, in constructing a new highway or in changing the location of an old highway embraced in the system of State Highways, the right of way therefor may be acquired by the State * * * either by purchase or by donation, or by expropriation, under the general laws of the State relative to expropriations of private property for public purposes, in the event the owner of said property and the Commission, representing the State, should not agree upon the price thereof.”
 

 Under the provisions of this same act, the Legislature delegated to the commission the authority to alter highways “to such an extent and in such manner as may be necessary to meet any requirements that may be made by the Federal Government in granting aid in road construction.” Section 7.
 

 
 *403
 
 As the highway in question is a State-Federal Aid public road, the location of this project represents the joint judgment of the engineers of the Bureau of Public Roads and the Louisiana Highway Commission.
 

 In the case of Crichton v. Louisiana Highway Commission et al., 172 La. 1033, 1039, 136 So. 43, 45, the authority of the commission to shift the location of Route No. 10 in the Parish of Red River was disputed, and this court said in that case:
 

 “The engineers are the ones who should know, and, as a matter of fact, do know.
 

 “We cannot substitute our own opinions for the opinions of engineers in matters of this kind.”
 

 In Board of Levee Com’rs v. Jackson’s Estate, 113 La. 124, 129, 130, 36 So. 912, 914, it is said by this court: “Plere, again, we •would scarcely be justified in substituting our judgment to that of these engineers. Large interests are intrusted to these boards. They have a discretion, and of this discretion it has been said that it should not be lightly set aside. Am. & Eng. Ency. of Law (2d Ed.) vol. 20, p. 239, and notes.”
 

 Section 27 of Act No. 95 of 1921, Ex. Sess., as amended, provides that: “The Commission is hereby authorized and empowered to bring such expropriation proceedings in the name of the State, which said proceedings shall be tried as summarily as possible either in term time or vacation.”
 

 Article 2634 of the Civil Code expressly prohibits the lower court from suspending the execution of judgments in expropriation suits. This article provides that: “Any appeal to the Supreme Court from the verdict of the jury and judgment of the lower court, made by either party, shall not suspend the execution of such judgment, but the payment of the amount of the verdict by the company to the owner, or the deposit thereof subject to the owner’s order, in the hands of the sheriff, shall entitle the corporation to the right, title and estate of the owner in and to the land described in the petition in the same manner as a voluntary conveyance would do. But in the event of any change being made by the final decree in the decision of the cause, the corporation shall be bound to pay the additional assessment, or be entitled to recover back the surplus paid, as the case may be.”
 

 It is therefore apparent that, on the devolutive appeal granted in this case, any verdict and judgment which may appear to be inadequate may be amended and increased to adequate compensation.
 

 As to the issue raised by the relators in their various answers as to the propriety of the location of the proposed project — and of this they mainly and bitterly complain — it is said in Orleans-Kenner E. Ry. Co. v. Metairie Ridge Nursery Co., 136 La. 968, 976, 68 So. 93, 96: “The question of the proper location of the line is one expressly required to be submitted to the freeholders, and upon which, therefore, plainly, article 2634, denies a suspensive appeal.”
 

 The question also as to the value of the land with its improvements and what damages, if any, the owner would sustain in addition to the loss of the land by its expropriation, is one required to be submitted to the freeholders, and upon which article
 
 *405
 
 2634 also denies a suspensive appeal. C. C. art. 2632.
 

 In the Orleans-Kenner E. Ry. Co. Case, cited supra, the right of plaintiff to expropriate property or, in other words, to invoke the power of eminent domain, because of lack of franchise, was contested, and the right to a suspensive appeal was granted; but no such issue is raised in this case, and could not well be raised against the Louisiana Highway Commission as to its right of eminent domain.
 

 2. Relators also filed an exception in the following words and form: “That under Act 24 of the 4th Extra Session of the Legislature of this State of the year 1935, it was provided that no road can be located or constructed by the Highway Department of the State of Louisiana ‘until complete plans and specifications of the improvements contemplated and the work to be performed shall have been prepared by competent engineers and submitted to and approved by the Louisiana Highway Commission and the State Highway Engineer’; that nowhere in plaintiff’s petition is it alleged that this has been done; that pleadings up to judgment are taken strongly against the pleader and what is not alleged cannot be proved, and the plaintiff has alleged no right or cause of action in this suit.”
 

 Section 1 of Act No. 24 of the Fourth Extra Session of 1935, page 45, reads as follows: “Be it enacted by the Legislature of Louisiana, that the establishment and improvement of highways shall be taken up and carried forward in the respective parishes of the State, as the Louisiana Highway Commission, in its judgment, may deem most desirable and advantageous to the entire highway system. To that end, no highway shall be located, laid out or constructed by or with the approval of any parish, ward, public board or commission, or road or levee district or any other agency of the State, until complete plans and specifications of the improvements contemplated and the work to be performed shall have been prepared by competent engineers and submitted to and approved by the Louisiana Highway Commission and the State Highway Engineer.”
 

 “Section 2. Be it further enacted, etc., That the qualifications of engineers selected to prepare plans and specifications, and to supervise the construction of highway projects, shall be approved by the State Highway Engineer with the concurrence of the Louisiana Highway Commission prior to the commencement or inauguration of any work, and all such work shall be prosecuted under the general supervision of the State Highway Engineer.”
 

 That the purpose of this act is to stop all other agencies from attempting to locate or construct highways, until complete plans and specifications of the proposed work have been submitted to and approved by the Louisiana Highway Commission, jumps to the eye from a casual perusal of the provisions of the act which, clearly, are inapplicable to the cases under consideration.
 

 Our conclusion is that relators are not entitled to a suspensive appeal.
 

 It is therefore ordered that the rule nisi issued herein be recalled, that the temporary stay order herein granted be vacated, and that relators’ application for writs of man
 
 *407
 
 damus to respondent judge, directing him to grant a suspensive appeal, be denied and dismissed, at relators’ costs.