## LOUISIANA HIGHWAY COMMISSION v. BRADBERRY et al.

### No. 16822.

Court of Appeal of Louisiana. Orleans.

Jan. 9, 1940.

Rehearing Denied Feb. 26, 1940.

James Wilkinson, of New Orleans, for appellants.

Lewis L. Morgan and A. S. Cain, Jr., both of New Orleans, for appellee.

JANVIER, Judge.

Louisiana Highway Commission is seeking to expropriate for highway purposes certain tracts of land belonging to various defendants. Twenty cases were consolidated for trial both in the lower court and on appeal. In the court below there were judgments in favor of plaintiff Highway Commission in which the necessity for the expropriation was recognized and in each of the cases there was judgment in favor of the defendant property owner for the amount fixed by the jury as the value of the property taken and the consequential damage sustained by each respective property owner. The district judge then granted to the various defendants devolutive appeals, but, acting in accordance with Articles 2631–2641, inclusive, of the Revised Civil Code, and particularly in accordance with Article 2634, he refused the applications of the appellants for suspensive appeals. Thereupon the defendants-appellants made application to the Supreme Court of Louisiana for alternative writs of certiorari and mandamus, seeking thereby to compel the district judge to grant to each of them a suspensive appeal. The Supreme Court refused to grant these requests, holding that, because of the provi-

sions of the Code above cited, there could be no suspensive appeals from such judgments. See Louisiana Highway Commission v. Hays' Heirs et al., 186 La. 398, 172 So. 432.

Nineteen of the property owners then lodged devolutive appeals in this court, but the amount involved in the other case—that of the Hays' heirs—exceeds our maximum jurisdictional limit.

The contentions which the various landowners make, with the sole exception of E. Hingle and Leontine Treadaway Hingle, are identical with those which were presented by the various defendants in the matter of Louisiana Highway Commission v. Treadaway, 173 So. 209, in which we held that the property owners were not entitled to suspensive appeals and that their right to recovery should be limited to the actual value of the land taken and the consequential damage sustained as the result of the construction of the new highway.

■■ We find in the records before us in these cases nothing which warrants their being distinguished from those which we considered with the Treadaway case except the fact that here counsel for the Highway Commission contends that a further examination of the plans and blue-prints shows that the Highway Commission contemplates installing, at its expense, ramps over the drainage ditches or canals which are being dug to parallel the highway, one on each side.

A reading of our decision in the Treadaway case will show that the various landowners contended there, as they do here, that the construction of the highway across their various properties and the digging of ditches paralleling the highway, one on each side, will make it necessary that they themselves construct bridges across these ditches in order to connect the front portions of their properties with the rear portions, and an examination of those plans, when we considered the Treadaway case, did not disclose that the Highway Commission proposed to provide for such connection by the use of earth ramps with underground culverts, as counsel now maintain the commission contemplates doing. We therefore allowed to each of the property owners $45, which, the evidence there showed, represented the cost of the construction of the bridges which appeared to be necessary.

Although counsel for the Highway Commission vehemently contend that a further examination of the plans shows that these ramps and underground culverts are included as a part of the plans, we fail completely to locate thereon any provision for such ramps or culverts. As a result, it appears that the records now before us present the identical question which we discussed in the Treadaway case in that the landowners are left without bridges or ramps which will enable them to travel, either on foot or in vehicles, from the front portions of their properties to the rear portions.

In these records, however, we do not find any evidence touching upon the cost of construction of bridges, and therefore, though we conclude that each of the property owners is entitled to the amount which it will be necessary for him to expend to erect these bridges, or, in the alternative, to construct the ramps, we are unable to say what this cost will be. We therefore find it necessary to remand all of the cases in order that there may be introduced evidence touching upon the cost of these bridges, or the cost of the alternative ramps.

In none of the cases do we find evidence which justifies the conclusion that the amount awarded for the property taken is insufficient. Furthermore, a reading of the briefs filed in behalf of the appellants shows no serious attempt to persuade us that the values fixed by the jury are inadequate.

■ In the case of E. Hingle and Leontine Treadaway Hingle an attempt is made to have us consider an additional question which is most interesting. These defendants stoutly maintain that they may still contend that there was no necessity for the taking of their property and that they have shown conclusively that there was and is no such necessity. But since there is no right to suspensive appeals and since the rights of the landowners are, therefore, limited to the contention involving values of properties taken and quantum of consequential damage, we cannot consider whether there was necessity for the taking of this particular piece of property any more than we can consider whether there was necessity for the taking of the other properties.

■ The property of the Hingles is the last on the down-river end of the project and immediately adjacent to the Hingle property is that of another landowner, on which is located a large moving picture

theater building. The project did not extend far enough to include that on which the moving picture theater is located and, therefore, it has not been required by the Highway Commission that that building be removed, but the hotel on the Hingle property, being next to the theater building, has been moved back approximately twenty feet.

These facts do not warrant our consideration of the question of whether there was necessity for the taking of this property, but unquestionably they may be taken into consideration in determining the amount of the consequential damage sustained by these owners. We do not find in the record evidence sufficient to justify a conclusion as to whether or not the amount awarded was sufficient, and, therefore, this case, like the others, must be remanded.

It is therefore ordered, adjudged and decreed, that all of the judgments appealed from be and they are annulled, avoided and reversed, and that these matters be and they are remanded to the Twenty-Fifth Judicial District Court for the Parish of Plaquemines for further proceedings according to law and consistent with the views herein expressed.

Costs of appeal to be paid by plaintiff-appellee.

Reversed and remanded.