**60 So.2d 713**

## TENNESSEE GAS TRANSMISSION CO. v. WYATT LUMBER CO., Inc.

### No. 40502.

July 3, 1952.

Rehearing Denied Oct. 7, 1952.

J. S. Pickett, Many, for defendant-relator.

Watson & Williams, Natchitoches, for plaintiff-respondent.

PONDER, Justice.

The plaintiff brought suit against the defendant seeking to expropriate a right of way across defendant's property to be used for a pipe line for the transportation of natural gas and by-products. By pleas and exceptions, the defendant contested the plaintiff's right to expropriate the property, the necessity for the expropriation, the necessity of the quantity of land to be used, and attacked the constitutionality of the statute, Act 325 of 1948, LSA–R.S. 19:1, 19:4 to 19:8, 19:10, under which the plaintiff was proceeding. The exceptions and pleas were overruled and, on trial of the merits, the district court gave judgment granting the right of way and fixed the compensation to be paid the defendant at $688.61. The lower court refused the defendant a suspensive appeal from the judgment but granted a devolutive appeal to the Court of Appeal for the Second Circuit. The defendant perfected the devolutive appeal and applied to the appellate court for a writ of mandamus to compel the district court to grant it a suspensive appeal. The writs were refused and the defendant has applied for and been granted certiorari for review of the ruling of the appellate court.

The defendant contends that it is entitled to a suspensive appeal from the judgment of the district court under the holding in the case of Orleans-Kenner Electric Ry. Co. v. Metairie Ridge Nursery Company, 136 La. 968, 68 So. 93, 94.

The Court of Appeal refused the writ on the ground that the trial judge correctly refused the suspensive appeal under the provisions of LSA–Revised Statutes 19:13, which reads as follows:

"Appeals from the judgment of the lower court, made by either party, do not suspend the execution of that judgment. The payment of the amount adjudged to the owner, or the deposit thereof in the registry of the court, entitles the corporation to the property described in the petition in the same manner as would a voluntary conveyance. If any change is made by the final decree, the person expropriating shall pay the additional assessment or recover back the surplus paid."

This provision of the Revised Statutes contains provisions similar to those in Article 2634, LSA–Civil Code, which were under consideration in the Metairie Ridge Nursery case. Article 2634 reads as follows:

"Any appeal to the Supreme Court from the verdict of the jury and judgment of the lower court, made by either party, shall not suspend the execution of such judgment, but the payment of the amount of the verdict by the company to the owner, or the deposit thereof subject to the owner's order, in the hands of the sheriff, shall entitle the corporation to the right, title and estate of the owner in and to the land described in the petition in the same manner as a voluntary conveyance would do. But in the event of any change being made by the final decree in the decision of the cause, the corporation shall be bound to pay the additional assessment,

or be entitled to recover back the surplus paid, as the case may be."

 It was pointed out in the Metairie Ridge Nursery case that expropriation cases like all other cases come within the rule that the execution of judgments may be stayed by suspensive appeal unless some law has made an exception in their favor. The court then went on to discuss Article 2634 in connection with Articles 2631 and 2632 of the LSA–Civil Code. The discussion is as follows:

"This article, from its very terms, cannot possibly have application to a case where the right of the plaintiff to expropriate property, or, in other words, to invoke the power of eminent domain, is contested, but only to a case where it is not; for it says that the judgment shall not be suspended but that, on depositing the amount, the plaintiff shall become vested with the estate of the defendant as if by private sale, and that, if there is to be any change at all in the judgment, it shall consist simply in an increase or reduction of the amount to be paid. All this is very true of a case where the right to expropriate is not contested, but is not true, and cannot possibly be, where such right is contested, and where, therefore, the appeal may result in the dismissal of the suit and all occasion for any investiture or divestiture of estates cease or of making any payments, except, perhaps, the payment by the plaintiff of the costs of the suit.

"True, the expression, 'any appeal,' in the opening sentence of the article, is sweeping, and would therefore include all appeals; but that first sentence must be read in connection with the rest of the article as we have just done, and also in connection with articles 2631 and 2632, which show that the sole purpose of the impaneling of the jury of freeholders is to assess the value of [its] land and the damages, and not to pass upon the question of the right of the plaintiff to expropriate; and when so read it is found to have application only to cases in which the right of the plaintiff to expropriate is not contested.

"It will be noted that said articles 2631 and 2632 assume, or presuppose, that the right of the plaintiff to expropriate property is not contested, for, in providing for the impaneling of the freeholders, they do not say that the freeholders are impaneled to pass upon the case, or to try the case, but specially to assess the value of the property and the damages."

It is apparent from the holding in the Metairie Ridge Nursery case that the defendant is entitled to a suspensive appeal in this case because the provisions of LSA–Revised Statutes 19:13 has made no material change in the law as was announced in Article 2634 of the Revised Civil Code.

The plaintiff contends that the defendant is precluded from contesting its right to expropriate the property and that the only right the defendant has is to contest the price to be paid for the land sought to be expropriated under the holding in the cases of Louisiana Highway Commission v. Treadaway, La.App., 173 So. 209; Louisiana Highway Commission v. Bradberry, La.App., 193 So. 198; and Louisiana Highway Commission v. Hays' Heirs, 186 La. 398, 172 So. 432.

In the case of Louisiana Highway Commission v. Hays' Heirs, supra, this court, referring to the Metairie Ridge Nursery case, states that it involved the right of the plaintiff to expropriate property, or, in other words, to invoke the power of eminent domain, which was contested because of the lack of franchise and that the right to a suspensive appeal was granted, but that no such issue is raised in the case under consideration and could not well be raised against the Louisiana Highway Commission as to its rights of eminent domain. The court then pointed out the authority granted the Highway Commission by statute to locate and lay out highways. These statutes give the Highway Commission broad powers when it comes to laying out and constructing highways. The statutes granting these broad powers to the Highway Commission have no application to the present case. The Metairie Ridge Nursery case has not been overruled by this court and the case of Louisiana Highway Commission v. Hays' Heirs specifically recognizes the holding therein and differentiates

it from a case where the highway statutes are involved.

For the reasons assigned, the ruling of the Court of Appeal dismissing the writ is reversed and set aside; the writ is reinstated and made peremptory; the Court of Appeal for the Second Circuit is hereby directed to grant the suspensive appeal; the cost of the writ to be paid by plaintiff, respondent.