78 So.2d 182

STATE of Louisiana, Through the Department of Highways,

v.

CENTRAL REALTY INVESTMENT COMPANY, Inc.

No. 42093.

Jan. 10, 1955.

William J. Guste, James M. Colomb, Jr., Roy F. Guste, New Orleans, for defendant-appellant.

W. Crosby Pegues, Jr., D. Ross Banister, Philip K. Jones, Baton Rouge, Francis X. Vinet, New Orleans, Louis S. Quinn, Baton Rouge, for plaintiff-appellee.

FOURNET, Chief Justice.

The State of Louisiana through the Department of Highways, plaintiff-appellee, contending that the law gives no right of suspensive appeal in an expropriation suit,[1] is seeking to have this Court dismiss, insofar as it suspends the execution of the judgment, the appeal taken by the defendant, Central Realty Investment Company, Inc., from the judgment of the district court decreeing full ownership in the plaintiff of two certain parcels of land to be used for the Carrollton-Airline Interchange in the City of New Orleans upon payment into the registry of Court the sum of $74,114.50, assessed as the value of the land taken plus the damage to defendant's remaining property.

1. The plaintiff relies on LSA–Civil Code Article 2634, as amended by Act No. 705 of 1954, and LSA–R.S. 19:13, as amended by Act No. 706 of 1954—the amending acts being identical in wording and providing, in part, "There is no suspensive appeal from any judgment rendered in an expropriation suit. * * *" These acts became effective July 28, 1954, after the judgment in this case was signed (July 8, 1954), but before the suspensive appeal was granted (August 3, 1954), and plaintiff contends for their applicability on the ground that they deal with procedure only.

The defendant denies the applicability to this case of the statutes relied on by the plaintiff, and contends it is entitled to a suspensive appeal, under authority of the cases of Tennessee Gas Transmission Co. v. Wyatt Lumber Co., Inc., 221 La. 886, 60 So.2d 713, and Interstate Oil Pipe Line Co. v. Cowley, 223 La. 672, 66 So.2d 588, because of special defenses set up in its answer, i. e. Art. XVII, "That this attempted taking by plaintiff of defendant's property is not in good faith and is arbitrary and capricious and is injurious to defendant's interest, and amounts to taking its property without due process of law, all in violation of Article 1, Section 2 of the LSA–Constitution of 1921, State of Louisiana, and Amendments 5 and 14 to the Constitution of the United States;" Art. XVIII, "That there is no necessity for petitioner taking defendant's properties described in this petition;" and Art. XIX, "That the quantity of land sought by plaintiff exceeds that which is reasonably necessary for the purpose intended and, in fact, plaintiff has available all the property necessary for its purposes."

A perusal of the above averments shows that they are mere conclusions, and not well-pleaded facts; moreover, even if we should concede that they are sufficient as special defenses, it would appear that this phase of the case was abandoned as no evidence was offered to support same. The only evidence introduced treats of the propriety of the location. As pointed out

by the District Judge, "* * * the allegations of Article XIX of the answer are not borne out and supported by the evidence adduced upon the trial of this cause * * *." Consequently, a suspensive appeal should not have been granted. Orleans-Kenner Electric R. Co. v. Metairie Ridge Nursery Co., 136 La. 968, 68 So. 93; Louisiana Highway Commission v. Hays' Heirs, 186 La. 398, 172 So. 432.

For the reasons assigned, the motion to dismiss the appeal insofar as it suspends execution of the judgment is maintained.