JANVIER, Judge.
The Louisiana Power & Light Company, plaintiff-appellee, moving to dismiss nine appeals, insofar as they suspend the operation of the judgments rendered, contends that the law of this State gives no right to suspensive appeals in expropriation suits.
We shall discuss all of the cases in one opinion and render a separate decree in each case.
Under what conditions, if any, there may be a suspensive appeal from a judgment of condemnation has been a much debated and considered question in Louisiana for many years. Before we refer to and quote from the latest legislative enactments, Acts 70S and 706 of 1954, it is well to consider the statutory law as it existed prior to those enactments and then to determine whether any change has been effected by those two statutes.
Article 2634 of our LSA-Civil Code, before it was amended by Act 70S of 1954, provided that: “Any appeal to the Supreme Court from the verdict of the jury and judgment of the lower court, made by either party, shall not suspend the execution of such judgment * * Before the amendment by Act 706 of 1954, LSA-R.S. 19:13 provided that: “Appeals from the judgment of the lower court, made by either party, do not suspend the execution of that judgment * *
Article 2636 of our LSA-Civil Code, among other things, provided and still provides that: “If any owner shall be of opin *96 ion that the quantity of land sought to be purchased by any corporation exceeds that which is reasonably necessary for the purpose intended by the company, it shall be lawful for him to file a special plea, setting forth this fact, * * And it further provides that the “whole always subject to the decision of the Supreme Court on appeal.”
At this point it may be well to direct attention to LSA-R.S. 19:6, which provides that the defendant in an expropriation suit “shall file his answer and serve a copy thereof on the plaintiff within ten days after service upon the defendant of the notice of the time fixed for the trial. * * *” LSA-R.S. 19:7 provides that if defendant fails to file his answer “timely or to serve a copy thereof on the plaintiff timely,” this failure shall constitute a waiver of all defenses except the claim for compensation. We shall discuss this question later.
If it were not for the provisions of Article 2636, there would seem to be no doubt at all that there could be no suspen-sive appeal in any expropriation suit. We say this because, although Article 2634 refers only to an appeal to the Supreme Court, we feel certain that the words “Supreme Court” were inadvertently used and that the redactors meant that there could be no suspensive appeal to any appellate court except in such cases as are provided for in Article 2636. Very often the words “Supreme Court” are used to mean appellate court. In fact, LSA-R.S. 19:13, from which we have already quoted, did not limit its effect to appeals to the Supreme Court.
However, when we come to consider Article 2636 of our LSA-Civil Code we notice.at once that there is language which at least tends to indicate that, where there is a specific defense to the effect that the plaintiff is seeking more land than is reasonably necessary, a determination of that question is “always subject to the decision of the Supreme Court on appeal,” and that such an appeal may be suspensive. While the wording of Article 2636 does not expressly declare that the appeal which is referred to may be suspensive, it is very obvious that, unless such an appeal is suspen-sive, it would serve no useful purpose, for if a landowner defending an expropriation suit contends by special plea that more of his land than is necessary is being demanded and a judgment is rendered condemning all of the land demanded, we cannot see how he could be favorably affected by a reversal of the judgment if, before such reversal, his land is already taken and used by the expropriating plaintiff.
That Article 2636 contemplates a suspen-sive appeal has been held on many occasions. We ourselves, in Louisiana Highway Commission v. Treadaway, La.App., 173 So. 209, discussed this question exhaustively and possibly exhaustingly. See also Tennessee Gas Transmission Co. v. Wyatt Lumber Co., 221 La. 886, 60 So.2d 713; Interstate Oil Pipe Line Co. v. Cowley, 223 La. 672, 66 So.2d 588.
Thus there is no doubt that prior to the enactment of Acts 705 and 706 of 1954, by judicial interpretation if not by express legislative authority (LSA-Civ. Code, art. 2636), there was a right to a suspensive appeal when the defendant set forth specifically the special defense that there was being taken more of his property than was necessary.
However, the plaintiff here asserts that that rule may no longer be applied since, according to plaintiff, the Legislature in enacting those two statutes in 1954 eliminated all right to suspensive appeals even where such a special defense is made.
We have given most careful scrutiny to the two statutes of 1954 in an effort to determine whether, by those statutes.- there has been effected a change which requires a result different from that which existed according to judicial decisions prior to those enactments, and we find ourselves unable to conclude that the amendments of 1954 have the effect of eliminating the right to a suspensive appeal which, by established jurisprudence, is granted by
*97 LSA-Civil Code, Article 2636. Except for a rearrangement of words and for the elimination of the words “Supreme Court”, all the amendments seem to do is to provide that there shall he no suspensive appeal to any appellate court, which was exactly what was originally provided by Article 2634 and by LSA-R.S. 19:13.
Neither of the amendments of 1954 seems to effect a change in Article 2636, which is the article which has justified the interpretations to the effect that there is a right to a suspensive appeal in certain expressly specified cases. We note that, since the enactment of the act of 1954, there has been a decision by the Supreme Court on the question of the right to a suspensive appeal. State of Louisiana, through Department of Highways v. Central Realty Investment Co., 226 La. 1085, 78 So.2d 182, 183. There the Supreme Court, without deciding whether in that case effect could be given to Act 706 of 1954, since that act had been passed after the judgment was signed but before the suspensive appeal was granted, held that, even if there is a right to a sus-pensive appeal where the contention is “that the quantity of land sought by plaintiff exceeds that which is reasonably necessary for the purpose intended * * *there must be specific detailed allegations to that effect and there must be evidence supporting those allegations.
In that case the Supreme Court found that the defendant had attempted to interpose the said special defense by making the following averments: “There is no necessity for petitioner taking defendant’s properties described in this petition,” and, “That the quantity of land sought by plaintiff exceeds that which is reasonably necessary for the purpose intended and, in fact, plaintiff has available all the property necessary for its purposes.” The Court said that such averments were “mere conclusions” and that they were “not well-pleaded facts,” and held that they did not justify the granting of a suspensive appeal since they did not raise the special defenses provided by LSA-Civil Code, Article 2636.
In the answers of defendants in the several cases under consideration we find the following allegations:
“That plaintiff has at the present time existing servitudes to adequately supply the power and lighting requirements for the area, * * * and that these servitudes presently owned by petitioner are adequate for contemplated future needs and that the servitudes herein sought a re unnecessary.”
If the averments found in the answer in State of Louisiana, through Department of Highways v. Central Realty Company, supra, were mere conclusions of the pleader and not well-pleaded facts, surely the same should be said about the averments just above quoted from the answer in the cases before us. If, however, the averments may be deemed as statements of fact, we feel that, nevertheless, this specific issue was abandoned since no effort was made by defendants to establish such a defense. That same situation was before the Supreme Court in the Central Realty case and the Supreme Court said that the District Judge had pointed out that the allegations were “not borne out and supported by the evidence * * * ” and that “consequently, a suspensive appeal should not have been granted.”
That the allegations in the cases before us are not borne out and, in fact, should be considered as abandoned is made evident by a reading of the record itself and by a statement made by the District Judge in his reasons for judgment, for, referring to the testimony on this point, he said that the defendants had offered no expert testimony and had “contented themselves with ineffective cross-examination.”
If by chance the averments made by defendants could be considered as allegations of well-pleaded facts and if by chance it could be held that the record here does not justify the conclusion that that contention was abandoned by the defendants, nevertheless we feel that the issue *98 that the appropriating corporation is taking more than it actually requires is not actually before the Court for the reason that, as we have already noted, the answers of the several defendants were not filed within the time required by LSA-R.S. 19:6.
We note that in each of the cases service was made on the defendant or defendants during the month of June, 1959, and that the filing of the answers with the Clerk of Court was not until July 22, 1959, which was long after the expiration of the ten day period. For this reason obviously there was no right to a suspensive appeal since that special issue could not have been considered. This was held by the Supreme Court in State v. Landry, 219 La. 721, 722, 53 So.2d 908, 909, in which the Court said: “ * * * in view of defendant’s failure to file his answer timely, he is presumed to have waived all defenses except claims for money as compensation and as damages. LSA-R.S. 19:6, 19:7.” In City of Gretna v. Mitchell, La.App., 64 So.2d 873, 874, we said: “LSA-R.S. 19:6 and 7 are equally mandatory that the failure to answer or plead within ten days is considered a forfeiture and waiver by defendant of all pleas other than quantum and damages.” The Court of Appeal for the First Circuit in Louisiana Power & Light Company v. Dileo, 79 So.2d 150, 154, said: “All defendants having filed answer twenty-seven days or more after service, the trial court properly ruled that the sole issue before it was that of quantum, which is the sole issue before us on appeal.”
Our conclusion is that each appeal, insofar as it might tend to suspend the execution of the judgment, should not have been granted, and we therefore shall, in each case, render a decree dismissing the appeal insofar as it suspends the execution of the judgment.
It is therefore ordered, adjudged and decreed that the motion to dismiss the appeal in this suit insofar as it suspends the execution of the judgment is maintained.
Motion maintained.