160 So.2d 782 (1964)
STATE of Louisiana, through the DEPARTMENT OF HIGHWAYS, Plaintiff and Appellant,
v.
Charles BURLEIGH, Defendant and Appellee,
No. 1067.
Court of Appeal of Louisiana, Third Circuit.
February 18, 1964.
D. Ross Banister, Glenn S. Darsey, Chester E. Martin, Brunswig Sholars, Baton Rouge (Chester E. Martin, Baton Rouge, of counsel), for plaintiff-appellant.
Dubuisson & Dubuisson, by James G. Dubuisson, Opelousas, for defendant-appellee.
Before FRUGE, HOOD and CULPEPPER, JJ.
CULPEPPER, Judge.
This is an expropriation suit brought under the provisions of LSA-R.S. 48:441-48:460. The State deposited $215. as compensation and took a narrow strip of land containing .091 acres off the front of defendant's farm to widen and blacktop an existing gravel highway. Defendant applied for a trial to determine the just compensation to which he is entitled, (LSA-R.S. 48:451) pursuant to which a trial was had and the district judge increased the compensation to $2,165. The State appealed. Defendant answered the appeal, asking an increase.
The substantial issues concern the awards for two new access driveways and for 7 shade trees.
The general facts show that plaintiff owned a 35 acre farm on a gravel highway where he and his wife had lived for many years. He had planted six pine trees and a tallow tree in a row along the highway in front of his home. In order to widen and blacktop the highway, the State took a strip of land 10 feet wide at its south end *783 and tapering to a point at its northerly end, being approximately 340 feet in length and containing .091 of an acre. Included in the property taken were the tallow tree and the six pine trees, which were about 23 years old and had grown to about 12 inches in diameter.
The State's appraiser estimated the value of the land at $400 per acre and on this basis allowed $36.40 for the strip taken. The remainder of the $215 deposited, for land and improvements taken, was represented by the value of the fence. The State's appraiser allowed no amount what-soever for the trees, or for diminution in value to the homesite by reason of their taking, because he estimated that any such consequential damages were more than offset by the enhancement in value to defendant's property as a result of the improvement to the highway.
There is no dispute as to the award of $215 for the strip of land and the fence.
The first issue presented on appeal concerns the driveways. There were two access driveways located within the existing right of way of the old gravel road, each 12 feet in width, with 12 to 18 inch concrete culverts. They were removed during the construction. The State's appraiser did not include the value of these driveways in his estimate of just compensation deposited, on the ground that the State could not pay the property owner for improvements located on the State's right of way. A witness for the defendant testified the old driveways probably cost $150 but that it would cost $450 to construct two new driveways according to the standards required by the State.
We agree with the holding in Louisiana Highway Commission v. Bradberry, 193 So. 198 (Orleans App.1940) in which the court held that abutting property owners were entitled to the amount necessary to construct ramps and bridges across ditches paralleling a new highway. See also Louisiana Highway Commission v. Tread- away et al., 173 So. 209 (Orleans App.1937); Boudreaux v. Landry, 120 So.2d 535 (1st Cir.App.1960); State ex rel. Gebelin v. Department of Highways, 200 La. 409, 8 So.2d 71; 18 Am.Jur. 910, Verbo Eminent Domain Section 269. Under these authorities we think the law is clear that the defendant landowner is entitled to the cost of constructing two driveways across the new ditches along the highway in order to provide access to his property. The cost is $450 for driveways meeting State requirements.
The next issue concerns the award of $500 each for the six pine trees and one tallow tree, for a total of $3,500. After carefully reviewing the record we must agree with counsel for the State that the evidence is insufficient to support such an award.
Defendant does not contend that these trees have any value except for esthetic purposes. It is apparent from the record that defendant valued these trees very highly for his own personal esthetic purposes, but the law simply does not allow compensation for such personal feelings. The law is succinctly stated in Louisiana Power & Light Company v. Dileo, 79 So.2d 150 (1st Cir.App.1955) as follows:
"While `consequential' damages, such as additional discomfort or loss of esthetic values, are not per se compensable, Housing Authority of Shreveport v. Green, 200 La. 463, 8 So.2d 295; yet if they are such as to diminish the commercial value of the remaining property, they are properly considered in determining the award to the landowner, Schneidau v. Louisiana Highway Commission, 206 La. 754, 20 So.2d 14; Louisiana Highway Commission v. Guidry, 176 La. 389, 146 So. 1."
Thus, in the present case, it was encumbent on the defendant landowner to prove by a reasonable preponderance of the evidence that the market value of the property remaining after the expropriation was *784 diminished because of the removal of these trees. Furthermore, we think it was encumbent upon the defendant to prove with reasonable certainty the amount of such diminution in value. State through Department of Highways v. Kemp, La.App., 141 So.2d 487; State through Department of Highways v. McNeely, La.App., 130 So.2d 136; A.B.C. Oil Burner & Heating Company v. Palmer, La.App., 28 So.2d 462.
A brief review of the record shows that Mr. Alex Watkins, an employee of the Highway Department, testified the trees were attractive but he made no attempt to estimate the diminution in value of the remaining property resulting from the cutting of the trees. Mr. Alcee Pellerin, a neighbor of the defendant, testified defendant's home looked different with the trees gone. Mr. Paul Stagg, an employee of the Highway Department, testified the trees were pretty. Mr. Johnnie Wilson, a real estate agent, was not subpoenaed by defendant until the trial was in progress. He testified that under some circumstances trees would enhance the value of residential property but that he knew nothing of the particular property owned by the defendant and that without a personal examination of the property he would not attempt to state whether, or to what extent, the value of the remaining property was diminished by the taking of the trees. The defendant and his wife both testified they had planted and nurtured the trees for 23 years and were very fond of them.
The only witness who gave any estimate whatever as to the amount of diminution in value of the homesite, by reason of removal of the trees, was Mr. Eugene Sullivan, the appraiser for the Highway Department, who stated that in his opinion the amount of such diminution was $100. Mr. Sullivan explained that he did not show this $100, as an item of consequential damages on his estimate of just compensation to be deposited, because he thought that this damage was more than offset by the enhancement in value to the property, resulting from the widening and blacktopping of the highway.
Under these circumstances we think the court must accept the appraisal of Mr. Sullivan that the removal of the trees diminished the value of the remaining property by only $100. This is the only appraisal contained in the record. The court would have to resort to pure conjecture or sources entirely outside the record to award any different amount. In expropriation matters it is incumbent upon the landowner to prove that he has sustained a compensable loss and he must likewise prove the amount thereof with reasonable certainty. State, through the Department of Highways v. Levy, 242 La. 259, 136 So.2d 35.
There is likewise no evidence in the record as to the amount of enhancement in value to defendant's property, by reason of the construction of the new highway, except the testimony of Mr. Sullivan. Under the circumstances we think the court must accept the State's contention that any consequential damages resulting from the cutting of the trees was more than offset by enhancement in value to the property.
Summarizing, the defendant is entitled to just compensation in the amount of $665, being $215 for the land and improvements taken and $450 for the cost of constructing two new driveways.
For the reasons assigned, the judgment appealed is amended so as to reduce the award to defendant landowner from the sum of $2,165 to the sum of $665. As thus reduced, the judgment is affirmed.
Amended and affirmed.