Dear Ms. Sistrunk,
You have requested an opinion of this office on the following issues:
 (1) If a police jury goes on private property in order to clean out a ditch, pursuant to a parishwide drainage program instituted by the police jury, and in the process destroys an existing structure, or the structure will no longer be adequate, can the police jury use parish funds to replace this structure?
 (2) If the parish goes on private property and cuts a ditch to solve a drainage problem, can the police jury pay for putting in a crossing for that landowner?
Normally, the funds of the State or of any political subdivision may not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Article VII, Section 14, Paragraph (A) of the Louisiana Constitution of 1974. Under this general prohibition, parish funds (the parish being a "political subdivision") could not be donated to a private property owner. However, another constitutional provision makes available such funds for the benefit of a private property owner.
Article I, Section 4 of the Louisiana Constitution of 1974 reads in part as follows:
 Section 4 . . . Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit.
Clearly the parishwide drainage program is for a "public purpose"; a structure destroyed or rendered inadequate is property taken or damaged by a political subdivision of the State (a parish). Therefore, not only are parish funds available to compensate a private property owner whose property has been destroyed or rendered inadequate ("damaged") for a public purpose, but Article I, Section 4 creates an obligation on the part of the political subdivision to provide compensation for such damage.
As to your second question regarding use of parish funds to pay for the building of a crossover for a private landowner, such a use of parish funds would likewise be generally prohibited under Article VII, Section 14 of the Louisiana Constitution of 1974. However, the property owner's need for such a crossover, created by the cutting of the drainage ditch pursuant to the parishwide drainage program, is categorized as "damage" by a political subdivision of the state for public purposes, requiring that compensation be paid. When action by a state or political subdivision on private property for public purposes makes use of the property by the owner more burdensome, it constitutes "damage" for Article I, Section 4 purposes.
A good case illustrating this concept in the context of crossovers across drainage ditches in State of Louisiana, through Department of Highways v. Burleigh, 160 So.2d 782
(La.App. 3rd Cir. 1964). The court held that a landowner was entitled, as part of his compensation for the taking of a portion of his farm, to an award including the cost of constructing two driveways across new drainage ditches where such driveways were necessary to provide access to the landowner's property. Therefore parish funds may be used to build such crossovers as part of a landowners compensation for cutting drainage ditches, where such are necessary to the landowner's access to his property.
We hope this has answered your request. If you have any further inquiry, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:273