764 So.2d 1221 (2000)
CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE
v.
JOHNCA PROPERTIES, L.L.C.
No. 99 CA 2230.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
Rehearing Denied July 31, 2000.
*1222 Michael E. Ponder, Parish Attorney, Robert H. Abbott, III, Assistant Parish Attorney, Baton Rouge, Counsel for Plaintiff/Appellee City of Baton Rouge/Parish of East Baton Rouge.
Donald G. Cave, Baton Rouge, Counsel for Defendant/Appellant Johnca Properties, L.L.C.
Before: SHORTESS, C.J., FOIL, PARRO, KUHN, and PETTIGREW, JJ.
KUHN, J.
Defendant-appellant, Johnca Properties, L.L.C. ("Johnca"), challenges an ex parte order of expropriation in favor of the City of Baton Rouge/Parish of East Baton Rouge (collectively "the City/Parish") rendered under the procedure set forth in La. R.S. 48:441-460, commonly known as the quick taking provisions. Finding the City/Parish has failed to establish its entitlement to utilize the quick taking procedure, we reverse the judgment denying Johnca's motion to dismiss. The ex parte order of expropriation is vacated and the City/Parish's lawsuit is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND
In connection with its Bluebonnet Road Realignment (I-10 to Airline Highway) project, the City/Parish filed a petition for expropriation on May 6, 1999, alleging that it was necessary that it acquire ownership of property owned by defendant, Johnca. Averring that it had been unable to amicably acquire the Johnca property, and that it had deposited the amount of $454,000.00 as the estimated amount to which Johnca was entitled as just compensation, the City/Parish attached to its petition a legal description of the subject property, which indicates that it consists of one lot together with all buildings and improvements, and is situated in the Innswold Subdivision of the Parish of East Baton Rouge.[1] The City/Parish also annexed certificates of the chief engineer for the City/Parish; of location and design, executed by the director of the Department of Public Works for the City/Parish; and of just compensation, as estimated by two Louisiana state certified appraisers. The appraisal qualifications of the two appraisers, a written notice of intent to expropriate sent by certified mail to Johnca representatives along with its return receipt and a map showing a survey of the property sought to be expropriated *1223 were also attached to the City/Parish's petition of expropriation. Ostensibly under the authority of La. R.S. 48:444,[2] an ex parte order of expropriation in favor of the City/Parish was signed by the trial court on that same day.
On June 3, 1999, Johnca filed a motion to dismiss the expropriation lawsuit. After a hearing, the trial court denied the motion, and on June 28, 1999, signed a judgment in conformity with its ruling. From that judgment, Johnca appeals.
At the outset we note that because the judgment from which Johnca has appealed is an interlocutory one, see La. C.C.P. art. 2083,[3] we treat it as an application for a writ and, under our supervisory jurisdiction, see La. C.C.P. art. 2201,[4] review the propriety of the ex parte order which vests title[5] of the subject property in the City/Parish.[6]

DISCUSSION
Without challenging the public purpose of the expropriation by the City/Parish and, apparently not disputing the right of either the City of Baton Rouge or the Parish of East Baton Rouge to expropriate property for a public purpose, Johnca directs the focus of this appeal solely to the right of the City/Parish to invoke the procedure set forth in the quick taking statutes which results in an ex parte order divesting the owner of its property. Johnca urges that the trial court erred by failing to grant its motion to dismiss the City/Parish's lawsuit.
Expropriation is special and exceptional in character, in derogation of common right, and as such must be strictly construed. Orleans-Kenner Elec. Ry. Co. v. Metairie Ridge Nursery Co., 136 La. 968, 974, 68 So. 93, 94 (1915); State, Dep't of Transp. and Dev. v. Estate of Griffin, 95-1464, p. 3 (La.App. 1st Cir.2/23/96), 669 So.2d 566, 568.

Propriety of Motion to Dismiss
Louisiana Revised Statutes 48:447(A), within the quick taking procedure, states in pertinent part:
Any defendant desiring to contest the validity of the taking on the ground that the property was not expropriated for a public purpose or on the ground that the petition and attached exhibits do not satisfy the provisions contained in R.S. 48:442 through 444 may file a motion to dismiss the suit within twenty days after the date on which the notice was served on him. (Emphasis added.)
Louisiana Revised Statutes 48:442 provides in part:
The rights of expropriation granted by this Part shall be exercised in the following manner:
* * * * * *

*1224 (3) The petition shall have annexed thereto the following:
(a) A certified copy of a certificate of authorization to expropriate executed by the secretary of the [Department of Transportation and Development], declaring that the taking is necessary or useful for the purposes of this Part.
(b) A certificate signed by the chief engineer of the office of highways or, in his absence, his principal assistant, declaring that he has fixed the right of way in a manner sufficient in his judgment to provide presently and in the future for the public interest, safety, and convenience.
(c) A certificate signed by the assistant secretary and the chief engineer of the office of highways, by the road design engineer, and, if appropriate, by the bridge design engineer, declaring that the location and design of the proposed improvements are in accordance with the best modern practices adopted in the interest of the safety and convenience of the traveling public. In the absence of any of them, his chief assistant may sign for him. (Emphasis added.)
In this case, the City/Parish attempted to comply with the requisites of La. R.S. 48:442 by substituting certificates from its chief engineer for that required of DOTD's Office of Highway chief engineer in § 442(3)(b) and (c); and of its director of public works for DOTD's Office of Highway assistant secretary in § 442(3)(c). The certificate of the chief engineer which the City/Parish substituted for that required in § 442(3)(b) does not declare that a right of way has been fixed in a manner sufficient to provide for the public interest, safety, and convenience, stating instead that "the area required to construct the Bluebonnet Road Realignment Project" has been so fixed. The certified copy of a certificate of authorization to expropriate executed by the secretary of the DOTD declaring that the taking is necessary or useful required in § 442(3)(a) was substituted with a certified copy of a resolution of the Metropolitan Council for the City/Parish authorizing the expropriation for purposes of the Bluebonnet Road Realignment project. Despite the attempts by the City/Parish to comply, because it is neither the Department of Transportation and Development, ("DOTD"), nor its Office of Highways, the face of the petition served upon Johnca along with the ex parte order of expropriation notifying Johnca of divestiture of its title to the subject property fails to strictly conform with the requisite contents set forth in La. R.S. 48:442.
Where the expropriator is not an authority expressly delegated the right to invoke the quick taking procedure under the plain language of the statutory scheme set forth in La. R.S. 48:441-460, the overarching principle of strict statutory construction in an expropriation context logically and necessarily puts the onus on that expropriating authority to establish its entitlement to use the quick taking procedure within the petition and attached exhibits. Accordingly, we hold that where an authority not expressly identified in the quick taking statutes, who has chosen to proceed with its expropriation via the expedited procedure of La. R.S. 48:441-460, fails to provide supporting proof in strict compliance with its statutory entitlement to invoke the quick taking procedure within the petition and accompanying documentation as required in § 443, the property owner may challenge the expropriation by filing a motion to dismiss under La. R.S. 48:447.[7]

*1225 Statutory Entitlement to Invoke La. R.S. 48:441-460
The City/Parish maintains that pursuant to the Local Services Law, La. R.S. 33:1321-1337, the City of Baton Rouge and the Parish of East Baton Rouge have entered into an agreement as contemplated in La. R.S. 33:1324. As such, the City/Parish urges that its entitlement to utilize the quick taking procedure is statutorily available to it under the provisions of La. R.S. 33:1329.
Louisiana Revised Statutes 33:1324 provides in pertinent part:
Any parish, municipality or political subdivision of the state, or any combination thereof, may make agreements between or among themselves to engage jointly in the construction, acquisition or improvement of any public project or improvement, the promotion and maintenance of any undertaking or the exercise of any power, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to perform such activity or exercise such power as may be necessary for completion of the undertaking. Such arrangements may provide for the joint use of funds, facilities, personnel or property or any combination thereof necessary to accomplish the purposes of the agreement, and such agreements may include but are not limited to activities concerning:
* * * * * *
(2) Public utility services, such as water, electricity, gas, roads, bridges, causeways, tunnels, ferries and other highway facilities, and public transportation.
Louisiana Revised Statutes 33:1329 states:
Any parish or municipality or commission appointed under this part may acquire by gift, grant, purchase, or condemnation proceedings or otherwise, all property, including rights-of-way, necessary to effectuate arrangements concluded under the terms of this Part. Where condemnation is necessary, the parish or municipality shall follow the procedures which, under existing law, govern its acquisition of property by condemnation.
In the alternative whenever a reasonable price cannot be agreed upon or whenever the owner is legally incapacitated, is absent, is unknown, or is unable to convey valid title, any parish or municipality, or any commission appointed under the terms of this part shall have and is hereby given full power and authority to acquire by expropriation or condemnation any land, rights, rights-of-way, servitudes, flooding and overflow rights, franchises, and other property of any kind or nature declared to be necessary in connection with the joint exercise of any power authorized and anticipated by this Part. Where condemnation is necessary, each said parish, municipality or commission shall have the right to invoke and shall follow the procedures outlined and provided for in R.S. 48:1259.
The provisions of La. R.S. 48:1259, located in the Chapter known as the Louisiana Expressway Law,[8] provides as follows:
The authority is hereby granted the power of eminent domain and proceedings therefor may be instituted and conducted by the authority as is prescribed by R.S. 48:441 through R.S. 48:460 [i.e., the quick taking provisions] for the expropriation of property by the office of highways of the Department of Transportation and Development. The petition *1226 to be filed for the expropriation shall contain the allegations required by R.S. 19:2.1 and shall have annexed thereto a certified copy of a statement adopted by the authority declaring that the taking is necessary or useful for highway purposes, that the location and design of the proposed highway improvement are in accordance with the best modern practices adopted in the interest of safety and convenience of the traveling public and containing a statement of the amount of money estimated to be just and adequate compensation for the taking and, stated separately, an estimate of the amount of damages. The estimate of just and adequate compensation for the taking and the estimate of damages shall be based on a determination by two disinterested realtors living in the vicinity of the improvement and the statement of the authority shall state their names and qualifications. All other procedures for the expropriation shall be as provided in R.S. 48:441 through R.S. 48:460, and references in such Sections to the office of highways of the Department of Transportation and Development, for the purposes hereof, shall be deemed to be references to the authority.
Relying on this statutory path, at the hearing on Johnca's motion to dismiss the lawsuit, the City/Parish introduced into evidence an agreement which provides, among other things, that the City of Baton Rouge and the Parish of East Baton Rouge are joining together:
to plan, finance, construct, acquire and/or improve public projects, servitudes, [rights of way], easements, streets and roads within the Parish of East Baton Rouge and/or the City of Baton Rouge ... to operate and maintain such public projects or improvements necessary or incidental thereto... and ... to avail themselves of the method of acquisition of public projects, servitudes, [rights of way], easements, streets and roads within the Parish of East Baton Rouge and/or the City of Baton Rouge specifically allowed in LRS 33:1229[sic], all for and on behalf of the residents of [the City of Baton Rouge and the Parish of East Baton Rouge].
With the principle of strict construction in expropriation cases as guidance, we initially question the validity of this agreement, characterized as a local services agreement by the City/Parish, as authority to permit the City of Baton Rouge and the Parish of East Baton Rouge to utilize the expedited quick taking procedure. The language contained within the four corners of the agreement permits the City of Baton Rouge and the Parish of East Baton Rouge "to avail themselves of the method of acquisition" of property intended for a public use "specifically allowed in [La. R.S.] 33:1229."[9] However, because of the erroneous reference to the statutory authority from which the City of Baton Rouge and the Parish of East Baton Rouge purportedly derive entitlement to use the quick taking procedure, clearly the agreement is ambiguous on its face. We need not rely solely on the erroneous statutory reference to find that the City/Parish failed to establish entitlement to use of the quick taking statutes because we find another deficiency.
Louisiana Revised Statutes 33:1325 provides:
All arrangements concluded under the authority of R.S. 33:1324 shall be reduced *1227 to writing. For this purpose it shall suffice for each party to the agreement, acting through its governing body, to accept the agreement by the passage of an ordinance or resolution setting out the terms of the agreement. The agreement, ordinance, or resolution shall be published in the official journal of the parish or municipality, in the same manner as are the other proceedings of the governing body.
Included within the express provisions of the agreement entered into between the City of Baton Rouge and the Parish of East Baton Rouge is the following representation made on behalf of each subdivision:
by and through Tom Ed McHugh, the Mayor-President, and Lynda Imes, the Mayor-President Pro-Tempore, duly authorized by resolution of the Metropolitan Council [of the City of Baton Rouge and the Parish of East Baton Rouge] adopted at a meeting held on the 28th day of July, 1993, a certified copy of which is annexed hereto.
Our examination of the agreement reveals that the certified copy of the cited resolution was not annexed to the certified copy of the agreement put into evidence at the hearing. We have not found within the record, or elsewhere, any evidence that each party to the agreement, acting through its governing body "accept the agreement by the passage of an ordinance or resolution setting out the terms of the agreement" as mandated under La. R.S. 33:1325.
Lastly, we note nothing in the record establishes that the Bluebonnet Roadway Realignment project, which the City/Parish asserts is the intended purpose behind its acquisition of the subject property, is one which is accomplished within both the City of Baton Rouge territorial limits and the territorial limits of the Parish of East Baton Rouge. We observe that inherent in intergovernmental expropriators' entitlement to invoke the expedited procedure, ostensibly available to them under La. R.S. 33:1329, is the precept that the project is one which could not be completed by either governmental party individually. In other words, if the City/Parish attempted to expropriate under the statutory path initiated in La. R.S. 33:1329, we believe implicit in that assertion of power is that the project undertaken necessarily be one that neither could accomplish completely within the bounds of its own territory. Absent an articulation of the scope of the intergovernmental project within the ordinance or resolution setting out the terms of the local services agreement as required in La. R.S. 33:1325, any assertion of entitlement to utilization of the quick taking expropriation procedure set forth in La. R.S. 48:441-460 by way of La. R.S. 33:1329, in our opinion, requires a showing within the expropriation petition and/or attached documentation that the project undertaken is one that affects property within the territorial limits of both.
Without determining whether La. R.S. 33:1329 (referencing La. R.S. 48:1259, which in turn references La. R.S. 48:441-460) provides a basis for the City/Parish to invoke the quick taking procedure, based on the contents of this record and mindful of the special and exceptional character of expropriation proceedings requiring that the underlying legislative and constitutional grant(s) of the power of expropriation be strictly construed in favor of the property owner, we conclude that the City/Parish failed to establish that it was entitled to invoke the provisions of La. R.S. 48:441-460. Thus, the trial court erred in failing to grant Johnca's motion to dismiss, and the judgment denying that motion is reversed. The ex parte judgment, rendered after the City/Parish deposited in the registry of the court the amount it estimated as just compensation for the expropriation, thereby divesting Johnca of title in the subject property,[10] is vacated and the lawsuit is dismissed.

*1228 CONCLUSION
For these reasons, the June 28, 1999, judgment denying Johnca's motion to dismiss filed under the provisions of La. R.S. 48:447 of the quick taking statutes is reversed. The ex parte order of expropriation, effectively divesting Johnca of title to the subject property is vacated, and the expropriation lawsuit filed by the City/Parish is dismissed. Costs in the amount of $874.57 are assessed against the City of Baton Rouge/Parish of East Baton Rouge.
APPEAL CONVERTED TO SUPERVISORY WRIT; WRIT GRANTED AND MADE PEREMPTORY; JUDGMENT DENYING MOTION TO DISMISS REVERSED; EX PARTE ORDER OF EXPROPRIATION VACATED AND LAWSUIT DISMISSED.
PETTIGREW, J., concurs and assigns additional reasons.
PARRO, J., dissent and assigns reasons.
SHORTESS, J., agrees with majority report and assigns additional reasons.
FOIL, J., dissents and would affirm the trial court.
PETTIGREW, J., concurring.
I agree with the lead opinion and assign the following additional reasons.
I am of the opinion that a parish or a municipality operating under a local service agreement may not utilize the quick-taking procedure authorized by La. R.S. 48:441-460, unless at least one of the participants to the agreement is authorized to exercise such power in accordance with La. R.S. 33:1324.
Stated another way, it is my belief that if the City of Baton Rouge or the Parish of East Baton Rouge are not individually authorized to utilize the "quick-taking" procedure set forth in La. R.S. 48:441-460, the mere formation of a local service agreement between these entities will not cloak them with such authority. I must therefore concur in the results reached by the majority.
SHORTESS, C.J., Concurring.
I agree with the lead opinion and also with Judge Pettigrew's concurrence that neither the City nor the Parish has "quick take" authority individually, and that La. R.S. 33:1324 seems to require that at least one of the participants to a local service agreement have such power. Also, I note that expropriation is a very exceptional process, in derogation of rights, so must be strictly construed. Revised Statute 33:1329 has to be read in connection with 33:1324, and both must be strictly construed.
I respectfully concur.
PARRO, J., dissenting.
I respectfully dissent. The Local Services Law, LSA-R.S. 33:1321, et seq., allows agreements between political subdivisions to accomplish certain objectives. LSA-R.S. 33:1324 states that any parish, municipality, or political subdivision of the state, or any combination thereof, may make agreements to jointly engage in construction, acquisition, or improvement of any public project, provided one of those entities has authority to perform such activity or exercise such power. The City of Baton Rouge and the Parish of East Baton Rouge are separate political subdivisions, so they may jointly avail themselves of the advantages provided by this provision.
The acquisition of property for such joint endeavors is governed by LSA-R.S. 33:1329, which in the first paragraph reiterates that any parish or municipality may "follow the procedures which, under existing law, govern its acquisition of property by condemnation." The second paragraph of that statute was added in 1956 and grants new and additional power to expropriate. It states that, "[i]n the alternative," under certain described situations, including the inability to arrive at an agreed reasonable price, any parish or municipality "shall have and is hereby given full power and authority" to acquire by *1229 expropriation or condemnation the property needed for a joint endeavor. Specifically, "[w]here condemnation is necessary, each said parish, municipality or commission shall have the right to invoke and shall follow the procedure outlined and provided for in R.S. 48:1259."
In 1956, when this paragraph was added, LSA-R.S 48:1259 included in its provisions a quick-taking procedure for use by the Louisiana Expressway Authority (now the Department of Transportation and Development). LSA-R.S. 48:1259 was amended in 1970 to delete that quick-taking procedure and instead refer to the more complete quick-taking procedure outlined in LSA-R.S. 48:441-460. This history and the wording of LSA-R.S. 33:1329 support the conclusion that the second paragraph of that statute was added in 1956 to grant political subdivisions the power to use a quick-taking procedure in furtherance of a joint endeavor for public purposes, even if neither of the entities individually had such power under other provisions of existing law.
Additionally, although expropriation is an exceptional process, LSA-R.S. 33:1323 states that the provisions of the Local Services Law are to be construed liberally to effectuate greater economy and efficiency in the operation of local services and to extend the benefits of those services. Contrary to that mandate, the decision reached by the majority in this case writes out of existence the entire second paragraph of LSA-R.S. 33:1329. Because the facts of this case bring it within the situation described in that paragraph, the City of Baton Rouge and Parish of East Baton Rouge, having entered into an agreement for a joint endeavor under the Local Services Law, were authorized to use the quick-taking procedure in acquiring Johnca's property. This court should affirm that use.
For these reasons, I respectfully dissent.
NOTES
[1] The description includes all the rights, ways, privileges, servitudes, advantages and appurtenances of the subject property.
[2] Louisiana Revised Statutes 48:444 provides:

The petition shall conclude with a prayer that the property be declared taken for highway purposes. Upon presentation of the petition, the court shall issue an order directing that the amount of the estimate be deposited in the registry of the court and declaring that the property described in the petition has been taken for highway purposes at the time of the deposit.
[3] Louisiana Code of Civil Procedure article 2083(A) provides in relevant part:

An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.
[4] Louisiana Code of Civil Procedure article 2201 states, "Supervisory writs may be applied for and granted in accordance with the constitution and rules of the supreme court and other courts exercising appellate jurisdiction."
[5] See La. R.S. 48:444-445.
[6] A motion to dismiss the appeal, filed by the City/Parish, was referred to the merits. Because we have chosen to convert this appeal into an application for a writ, the motion to dismiss is moot, and therefore, denied.
[7] We additionally note that the petition of expropriation fails to "conclude with a prayer that the property be declared taken for highway purposes," as mandated under La. R.S. 48:444. See n. 2, supra (setting forth the text of § 444). According to the allegations of the petition, the expropriation of the subject property was "for street construction and/or other improvements for construction, use and maintenance on, over, under, through and across said property and/or such general purposes as are deemed necessary by the [City/Parish]." Thus, the City/Parish's petition stating a much broader purpose than "for highway purposes" as required in § 444 fails to strictly conform to the requirements of that statute, thereby providing an alternative basis to support our holding which permits Johnca, under La. R.S. 48:447, to challenge the City/Parish's entitlement to utilize the expedited expropriation procedure set forth in La. R.S. 48:441-460.
[8] La. R.S. 48:1251-1281.
[9] Louisiana Revised Statutes 33:1229 states:

When the police jury has elected a vice-president pursuant to its authority under R.S. 33:1226, the vice-president may convene the police jury whenever the president is absent or unable to serve for any reason. Under such circumstances, the vice-president may convene the police jury in the same manner and for the reasons that the president could himself do. If the police jury has not elected a vice-president under R.S. 33:1226, the clerk of the district court of the parish may convene the police jury whenever there is a vacancy in the office of president, in the same manner and for the reasons that the president could himself do.
[10] See La. R.S. 48:445.