794 So.2d 766 (2001)
CITY OF BATON ROUGE and Parish of East Baton Rouge
v.
JOHNCA PROPERTIES, L.L.C.
No. 2000-C-2524.
Supreme Court of Louisiana.
June 1, 2001.
Robert H. Abbott, III, Michael E. Ponder, Counsel for Applicant.
Donald G. Cave, Baton Rouge, Counsel for Respondent.
*767 Charles Leonard Patin, Jr., Baton Rouge, Counsel for Louisiana Municipal Association (Amicus Curiae).
Roland John Dartez, William J. Doran, Jr., Counsel for The Police Jury Association of Louisiana (Amicus Curiae).
Robert Steven Hinyub, Jr., Tiffany E. Peperone, Counsel for Jefferson Par. (Amicus Curiae).
LEMMON, Justice.[*]
This is an expropriation action in which the City of Baton Rouge (City) and Parish of East Baton Rouge Parish (Parish) are jointly seeking to acquire land for the Bluebonnet Road Realignment project. At issue in this court is the holding of the court of appeal that the City-Parish failed to establish its entitlement to utilize the provisions of the "quick taking" statutes, La.Rev.Stat. 48:441-460.

Facts
The City and the Parish entered into a Local Services Agreement for the purpose of joining together "to plan, finance, construct, acquire and/or improve public projects, servitudes, right-of-ways, easements, streets and roads." Subsequently, the City-Parish approved the road construction project at issue in this litigation.
On May 6, 1999, the City-Parish filed this expropriation action, alleging in its petition the necessity of acquiring the property owned by defendant, Johnca Properties, L.L.C., and the inability of the parties to amicably agree on the acquisition. Accordingly, the City-Parish deposited $454,000.00 as the estimated amount to which Johnca was entitled as just compensation. Attached to the petition were a legal description of the property; certificates of the chief engineer for the City-Parish; certificates of location and design, executed by the director of the Department of Public Works for the City-Parish; a certificate of just compensation, as estimated by two state-certified appraisers; appraisal qualifications of the appraisers; and a written notice of intent to expropriate sent to Johnca with a survey of the property to be expropriated.
Upon presentation of the petition, the trial judge signed an order of expropriation, apparently under the authority of:
1. La.Rev.Stat. 33:1329, which allows a parish or municipality, when expropriation is necessary, to invoke the procedures of La.Rev.Stat. 48:1259;
2. La.Rev.Stat. 48:1259, which grants the power of expropriation to the Department of Transportation and Development (DOTD), specifies the necessary petition and attachments, and authorizes the use of proceedings prescribed in La.Rev.Stat. 48:441-460; and
3. La.Rev.Stat. 48:444-445, which authorizes the court to declare that property is taken for highway purposes at the time of the deposit filed with the petition and vests title to the property in the DOTD upon filing of the deposit.
Johnca immediately filed a motion to dismiss the expropriation suit, challenging only the City-Parish's authority to use the quick taking procedure instead of an ordinary proceeding.[1] Johnca essentially asserted that only the DOTD can use the quick taking procedure.
*768 After a hearing, the trial court denied the motion to dismiss, ruling that the "local service agreements do provide the vehicle of quick taking to the municipalities...."
The court of appeal, treating the appeal from the interlocutory judgment as an application for supervisory writs, granted certiorari and dismissed the suit. 92-2230 (La.App. 1st Cir.6/23/00), 764 So.2d 1221. The court, "[w]ithout determining whether La. R.S. 13:1329 (referencing La. R.S. 48:1259, which in turn references La. R.S. 48:441-460) provides a basis for the City/Parish to invoke the quick taking procedure," concluded that the City-Parish "failed to establish that it was entitled to invoke the provisions of La. R.S. 48:441-460." Id. at p. 10, 764 So.2d at 1227. The court first reviewed the petition in light of La.Rev.Stat. 48:442(3), which sets forth the procedural requirements for using the quick taking statutes, and identified the following deficiencies in the petition:
1. The City-Parish substituted a certificate from its chief engineer for that of the secretary of the DOTD, and a certificate of its director of public works for that of DOTD's Office of Highway assistant secretary, as required by La.Rev.Stat. 48:442(3)(b) and (c).
2. The certificate of the City-Parish's chief engineer did not declare that a right of way had been fixed in a manner sufficient to provide for the public interest, safety, and convenience, stating instead that "the area required to construct the Bluebonnet Road Realignment Project" had been so fixed.
3. The City-Parish substituted a certified copy of a resolution of the Metropolitan Council for the certificate of authorization to expropriate executed by the secretary of the DOTD declaring that the taking was necessary or useful, as required by La.Rev.Stat. 48:442(3)(b).
4. The petition failed to "conclude with a prayer that the property be declared taken for highway purposes," as required by La.Rev.Stat. 48:444, alleging only that the expropriation was "for street construction and for other improvements."
On the basis of these deficiencies, the court held:
[W]here an authority not expressly identified in the quick taking statutes, who has chosen to proceed with its expropriation via the expedited procedure of La. R.S. 48:441-460, fails to provide supporting proof in strict compliance with its statutory entitlement to invoke the quick taking procedure within the petition and accompanying documentation as required in § 443, the property owner may challenge the expropriation by filing a motion to dismiss under La. R.S. 48:447.
Id. at p. 6, 764 So.2d at 1224 (emphasis added).
The court reasoned that the local services agreement was ambiguous on its face because the contractual language referred to the wrong statute.[2] The court further noted that the record did not contain an ordinance or resolution by either party, acting through its governing body, that "accept[ed] the agreement by the passage of an ordinance setting out the terms of the agreement," as mandated by La.Rev. Stat. 33:1325.[3]Id. at p. 9, 764 So.2d at 1227.
*769 Finally, the court noted that nothing in the record established that the Bluebonnet Roadway Realignment Project was one which was to be accomplished within the territorial limits of both the City and the Parish. The court observed that intergovernmental expropriators cannot invoke the expedited procedure unless "the project is one which could not be completed by either governmental party individually." Id. at 10, 764 So.2d at 1227. Thus, the court reasoned that "any assertion of entitlement to utilization of the quick taking expropriation procedure set forth in La. R.S. 48:441-460 by way of La. R.S. 33:1329 ... requires a showing within the expropriation petition and/or attached documentation that the project undertaken is one that affects property within the territorial limits of both." Id. at p. 10, 764 So.2d at 1227.
Accordingly, the court of appeal concluded that the City-Parish failed to establish that it was entitled to invoke the provisions of La.Rev.Stat. 48:441-460 and dismissed the City-Parish's suit.
Two members of the five-judge panel concurred, noting that neither entity had the authority to utilize the quick taking procedures of La.Rev.Stat. 48:441-460, and the formation of the local services agreement could not serve to create such authority. The concurrers emphasized that expropriation is a very exceptional process, in derogation of common rights, and must be strictly construed.
The dissenting judge, reviewing the legislative history of La.Rev.Stat. 33:1329 and 48:1259, concluded that the statutes, when read together, clearly granted the authority to parishes and municipalities to use the quick taking statutes in furtherance of a joint endeavor. Disagreeing with the majority's position that the provisions of the Local Services Law should be strictly construed, the dissenter asserted that these statutes should be construed liberally to effectuate greater economy and efficiency in the operation of local services and to extend the benefits of those services.
This court granted certiorari to address the quick taking statutes and the City-Parish's authority to invoke them. 00-2524 (La.12/8/00), 775 So.2d 1071.

Procedural Issues
The court of appeal expressly did not decide whether the quick taking procedure of La.Rev.Stat. 48:441-460 was available to the City-Parish, but dismissed the suit based on procedural deficiencies. At the outset, we will discuss these procedural issues.
The court of appeal erred in testing the sufficiency of the petition filed by the City-Parish pursuant to the requirements of La.Rev.Stat. 48:442, rather than La.Rev. Stat. 19:2.1. La.Rev.Stat. 48:1259 refers to La.Rev.Stat. 19:2.1 in specifying the allegations required for the petition to expropriate property by an authority other than the DOTD. La.Rev.Stat. 48:1259 also lists the exhibits that must be attached to that petition. The trial court reviewed the petition and its exhibits, and apparently found that they met these requirements.
We recognize, however, that expropriation proceedings are special and exceptional in character, in derogation of common rights, and as such must be strictly construed. Orleans-Kenner Elec. Ry. Co. v. Metairie Ridge Nursery Co., 136 La. 968, 974, 68 So. 93, 94 (1915). With that in mind, we agree with the court of appeal that an ambiguity exists in the Local Services Agreement entered into by the parties and that the necessary resolutions *770 were not attached to the Agreement filed into evidence. These are matters, however, that can be easily correctly by amended petition, and the court of appeal should have remanded the case to the trial court to allow the City-Parish to amend its petition. The review of the petition for sufficiency of the pleadings in this case is analogous to the review of a petition in ruling on an exception of no cause of action, and La.Code Civ. Proc. art. 934 requires the court, when the deficiency can be cured by amendment, to allow the petitioner a delay within which to amend. The appellate court in this case, after finding the petition deficient, should have issued an order allowing a delay to amend, particularly since the issue of the sufficiency of the petition was not raised in the motion to dismiss, and the City-Parish had no opportunity to amend prior to the hearing. Moreover, rules of procedure must be "construed liberally and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." La.Code Civ. Proc. art. 5051.
The court of appeal also erred in declaring that "implicit in that assertion of power [pursuant to La.Rev.Stat. 33:1329] is that the project undertaken necessarily be one that neither could accomplish completely within the bounds of its own territory." 99-2230 at p. 10, 764 So.2d at 1227. This issue also was not raised in the motion to dismiss, and the City-Parish had no reason to show that the project fell within the territorial boundaries of both entities. Moreover, this statement by the court conflicts with the express language of La.Rev. Stat. 33:1324, which requires that only one of the participants to the agreement be authorized to exercise its power. In addition, this court previously has held that a municipality, under the Local Services Law, is "authorized to exercise the power of eminent domain indiscriminately with respect to property within, as well as without, its limits." City of Westwego v. Marrero Land & Imp. Ass'n, 221 La. 564, 569, 59 So.2d 885, 886 (1952). To hold otherwise would be to thwart the declared purpose of the Local Services Law which was stated in La. Acts 1942, No. 246, § 3, as follows:
That taking cognizance of the fact that cooperative activity upon the part of parishes and municipalities is conductive to more efficient and more economical local government, and of the fact that it is frequently beneficial to the citizens of the State who have services extended beyond local governmental boundaries, the Legislature commends to parishes and municipalities a wider use of the arrangements herein contemplated and declares, as a matter of legislative intent, that the general policy of this act is to encourage, through the use of such arrangements, greater economy and efficiency in the operation of local services and to extend the benefits of such services, and further declares that the provisions of this act shall be liberally construed to that end.
Because we conclude that the procedural deficiencies raised by the court of appeal do not require dismissal of the suit, we now proceed to decide the critical substantive issue regarding the authority of parishes and municipalities to use the quick taking procedure of La.Rev.Stat. 48:441-460.

Legislative History of the Local Services Law and the Quick Taking Statutes
The Local Services Law, La.Rev.Stat. 33:1321-1339, was enacted by the Legislature by La. Acts 1942, No. 246. The purpose of the Act, as stated in the preamble, was to promote economy and efficiency in the performance of local functions and services, and to extend these benefits by *771 authorizing parishes, municipalities and special districts to engage in intergovernmental and extra-territorial services and functions. In particular, Section 1324 authorizes two or more parishes, municipalities and other political subdivisions to act jointly in the construction of a public project, provided that at least one of the participants to the agreement is authorized under a provision of general or special law to exercise such power as may be necessary for the completion of the undertaking. Section 1324(2) specifically authorizes activities concerning "public utility services, such as ... roads, ... and other highway facilities...."
Section 1323 of the Local Services Law states that its provisions "shall be construed liberally to the end that, through the use of the arrangements provided herein, greater economy and efficiency in the operation of local services may be encouraged, and the benefits of such services may be extended."
Also pertinent to this litigation are two other acts which the Legislature adopted in 1954. First, La. Rev. Stat. 48:1251-1281, the Louisiana Expressway Law, created the Louisiana Expressway Authority (now the DOTD) to provide for the construction, maintenance, repair and operation of highway projects in the state. In particular, Section 1259 granted the Authority the power of eminent domain.[4] When enacted, Section 1259 provided that eminent domain proceedings could be instituted and conducted in the name of the Authority under the procedure prescribed by La. Rev. Stat. 19:51-66 relating to expropriation prior to judgment in the trial court.
La. Rev. Stat. 48:441-460, also enacted in 1954, provided an additional method[5] by which the Department of Highways (now the DOTD) may expropriate property for highway purposes prior to judgment in the trial court. The courts have determined that these statutes, commonly referred to the quick taking statutes, are reasonable statutory restrictions on the right to own property, not violative of the due process provisions of La. Const. art. I, § 2 and U.S. Const. amend. V and XIV. State Through Dep't of Highways v. Olinkraft, Inc., 350 So.2d 865, 868 (La.1977), cert. denied, 435 U.S. 924, 98 S.Ct. 1489, 55 L.Ed.2d 518 (1978).
In 1956, La.Rev.Stat. 33:1329 of the Local Services Law, which originally was composed of one paragraph, was amended to add a second paragraph, granting any parish or municipality the full power and authority to acquire by expropriation or condemnation any land declared to be necessary in connection with the joint exercise of any power authorized and anticipated. In cases of condemnation, the parish, municipality or commission was specifically given the right to invoke, and was compelled to follow, the procedures outlined in La.Rev.Stat. 48:1259.
In 1970, La.Rev.Stat. 48:1259[6] was amended to replace the reference to La. *772 Rev.Stat. 19:51-66 regarding procedures for expropriation with a reference to La. Rev.Stat. 48:441-460.[7]

Application of Statutes to this Case
The acquisition of property by parishes and municipalities for joint projects under local services agreements is governed by La.Rev.Stat. 33:1329, whose first paragraph reiterates that any parish or municipality may "follow the procedures which, under existing law, govern its acquisition of property by condemnation." Thus, under Section 1329 as originally enacted, parishes and municipalities were given expropriation authority using procedures then existing. The second paragraph of Section 1329,[8] added in 1956, granted new and additional power to expropriate, stating that, any parish or municipality "shall have and is hereby given full power and authority" to acquire by expropriation or condemnation the property needed for the joint project. Specifically, Section 1329 grants every parish or municipality, "[w]here condemnation is necessary, ... the right to invoke and follow the procedure outlined and provided for in R.S. 48:1259."
In 1956, when this second paragraph was added to La.Rev.Stat. 33:1329 relative to La.Rev.Stat. 48:1259, the latter statute included in its provisions a quick taking procedure for use by the Louisiana Expressway Authority (now the DOTD). *773 Section 1259 was amended in 1970 to delete that quick taking procedure and instead refer to the more complete quick taking procedure outlined in La.Rev.Stat. 48:441-460.
This history and the wording of La.Rev.Stat. 33:1329 support the conclusion that the second paragraph of that statute was added in 1956 to grant political subdivisions the power to use a quick taking procedure in furtherance of a joint project for public purposes, even if neither of the entities individually has quick taking power under other provisions of existing law. The court of appeal, contrary to the liberal construction of the Local Services Law mandated by La.Rev.Stat. 33:1323, ignored the second paragraph of La.Rev. Stat. 33:1329. Because this case on its facts falls within the situation described in that paragraph, we conclude that the City-Parish, having entered into an agreement for a joint project under the Local Services Law, is authorized to use the quick taking procedure in acquiring Johnca's property. Although these statutes were enacted and thereafter amended at different times, reading them in pari materia leads us to conclude that the Legislature intended to grant quick taking authority to public entities other than the DOTD.[9] To find otherwise would render meaningless the second paragraph of La.Rev.Stat. 33:1329, as well as La.Rev.Stat. 48:1259, and would be contrary to clear legislative intent.
We hold that the City-Parish has quick taking authority under La.Rev.Stat. 48:441-460, pursuant to the Local Services Law, La.Rev.Stat. 33:1321-1337, and to La.Rev.Stat. 48:1259.

Decree
For these reasons, the judgment of the court of appeal dismissing the action is reversed. The case is remanded to the district court for further proceedings consistent with this opinion.
NOTES
[*] Justice HARRY T. LEMMON, retired, participated in the decision in this case which was argued prior to his retirement.
[1] Johnca did not challenge the public purpose of the expropriation or the right of either entity to expropriate property for a public purpose.
[2] The agreement stated that the City-Parish could avail itself of the method of acquisition "specifically allowed in [La. R.S.] 33:1229[sic]." Id. at p. 8, 764 So.2d at 1226.
[3] Although the agreement referred to, and incorporated into the contract, resolutions passed by the parties, no resolutions were attached to the agreement entered into evidence.
[4] When enacted, the power of expropriation in La.Rev.Stat. 48:1259 was authorized by La. Const. art. II, § 2 (1921). The present authority is La. Const. art. I, § 4, which grants the state and its political subdivisions the power to expropriate privately owned property "for public purposes and with just compensation."
[5] The general method of expropriation is found in La.Rev.Stat. 19:1-15. Under this general procedure, the expropriating public body acquires ownership of the property only after final judgment. La.Rev.Stat. 19:8.
[6] In its current form, La.Rev.Stat. 48:1259 now provides:

The authority is hereby granted the power of eminent domain and proceedings therefor may be instituted and conducted by the authority as is prescribed by R.S. 48:441 through R.S. 48:460 for the expropriation of property by the office of highways of the Department of Transportation and Development. The petition to be filed for the expropriation shall contain the allegations required by R.S. 19:2.1 and shall have annexed thereto a certified copy of a statement adopted by the authority declaring that the taking is necessary or useful for highway purposes, that the location and design of the proposed highway improvement are in accordance with the best modern practices adopted in the interest of safety and convenience of the traveling public and containing a statement of the amount of money estimated to be just and adequate compensation for the taking and, stated separately, an estimate of the amount of damages. The estimate of just and adequate compensation for the taking and the estimate of damages shall be based on a determination by two disinterested realtors living in the vicinity of the improvement and the statement of the authority shall state their names and qualifications. All other procedures for the expropriation shall be as provided in R.S. 48:441 through R.S. 48:460, and references in such Sections to the office of highways of the Department of Transportation and Development, for the purposes hereof, shall be deemed to be references to the authority. (emphasis added).
[7] La.Rev.Stat. 48:441-460, the quick taking statutes enacted in 1954, were amended and reenacted by Acts 1974, Ex. Sess., No. 30, effective January 1, 1975. La.Rev.Stat. 19:51-66 was repealed in 1974.
[8] La.Rev.Stat. 33:1329 provides:

Any parish or municipality or commission appointed under this part may acquire by gift, grant, purchase, or condemnation proceedings or otherwise, all property, including rights-of-way, necessary to effectuate arrangements concluded under the terms of this Part. Where condemnation is necessary, the parish or municipality shall follow the procedures which, under existing law, govern its acquisition of property by condemnation.
In the alternative whenever a reasonable price cannot be agreed upon or whenever the owner is legally incapacitated, is absent, is unknown, or is unable to convey valid title, any parish or municipality, or any commission appointed under the terms of this part shall have and is hereby given full power and authority to acquire by expropriation or condemnation any land, rights, rights-of-way, servitudes, flooding and overflow rights, franchises, and other property of any kind or nature declared to be necessary in connection with the joint exercise of any power authorized and anticipated by this Part. Where condemnation is necessary, each said parish, municipality or commission shall have the right to invoke and shall follow the procedures outlined and provided for in R.S. 48:1259.
[9] On the other hand, quick taking by private entities is not allowed. See Lee Hargrave, The Louisiana State ConstitutionA Reference Guide 26 (1991).